# RECORD NO. 10-14375-BB

In The

# United States Court of Appeals

For The Eleventh Circuit



## TRIDENT INTERNATIONAL LIMITED,

*Plaintiff – Appellant,*

v.

# IMPERIAL MAJESTY CRUISE LINE, LLC, in personam, M/V REGAL EMPRESS, in rem, CELEBRATION WORLD CRUISES, INC.,

*Defendants – Appellees.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

───────────

## APPELLEES' PETITION FOR PANEL REHEARING

───────────

Richard W. Epstein
Evan B. Klinek
GREENSPOON MARDER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
(954) 491-1120

*Counsel for Appellees*

10-14375

Trident Int'l Ltd. v. Imperial Majesty Cruise, et al

## CERTIFICATE OF INTERESTED PERSONS

IMCL by counsel certifies the following is a complete list of the trial judges, parties, attorneys, persons, association of persons, firms, partnerships or corporations that have an interest in the outcome of this case.

### Judges

1.   Honorable William P. Dimitrouleas, U.S.D.C Judge, Southern District of Florida

2.   Honorable Jose A. Gonzalez, U.S.D.C Judge, Southern District of Florida

3.   Robin S. Rosenbaum, Magistrate Judge, Southern District of Florida

4.   Laurana S. Snow, Magistrate Judge, Southern District of Florida

### Mediator

5.   David Lichter

### Parties

6.   Appellant, Trident International Limited ("Trident")

7.   Appellee, Imperial Majesty Cruise Lines ("IMCL")

8.   Appellee, Celebration World Cruises, Inc., in personam

9.   Appellee, M/V "Regal Empress," in rem

Trident Int'l Ltd. v. Imperial Majesty Cruise, et al

**Attorneys**

10.    Rebecca F. Bratter, Esq., Counsel for Imperial Majesty Cruise Line, L.L.C., Celebration World Cruises, Inc., in personam, and M/V "Regal Empress", in rem

11.    Richard W. Epstein, Esq., Counsel for Imperial Majesty Cruise Line, L.L.C., Celebration World Cruises, Inc., in personam, and M/V "Regal Empress", in rem

12.    Evan B. Klinek, Esq., Counsel for Imperial Majesty Cruise Line, L.L.C., Celebration World Cruises, Inc., in personam, and M/V "Regal Empress", in rem

13.    Greenspoon Marder, P.A., Counsel for Imperial Majesty Cruise Line, L.L.C., Celebration World Cruises, Inc., in personam, and M/V "Regal Empress", in rem

14.    Mark Hicks, Esq., Counsel for Trident International Limited

15.    Hicks, Porter, Ebenfeld & Stein, P.A., Counsel for Trident International Limited

16.    John W. Keller, III, Esq., Counsel for Trident International Limited

17.    Keller & Bolz, LLP, Counsel for Trident International Limited

18.    Dianh Stein, Esq., Counsel for Trident International Limited

Trident Int'l Ltd. v. Imperial Majesty Cruise, et al

## Persons, Association of Persons, Firms, Partnerships or Corporations

19.    Lexon Insurance Co., Surety on Civil Supersedeas Bond

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ....................................................C1

TABLE OF CONTENTS...................................................................... i

TABLE OF AUTHORITIES ................................................................ ii

APPELLEES' PETITION FOR PANEL REHEARING...........................................1

    A.    The Panel overlooked findings supported by record evidence that Trident received what the contracts required, not just misdirected arrow insurance................................................3

        1.    The standard of review............................................3

        2.    The District Court's factual findings have not been rendered clearly erroneous and the record otherwise supports the finding that Imperial did not materially breach the F&B Contracts...........................................4

CONCLUSION ..................................................................... 13

CERTIFICATE OF FILING AND SERVICE

ADDENDUM

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Anderson v. Bessemer City*,

470 U.S. 564, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985) ........................... 3-4

*Ron Matusalem & Matusa of FL v. Ron Matusalem, Inc.*,

872 F.2d 1547 (11th Cir. 1989) ....................................................................3

## RULES

Fed. R. App. P. 40 ...........................................................................................1

11th Cir. Local R. 40-1 to 40-6 .......................................................................1

## APPELLEES' PETITION FOR PANEL REHEARING

Pursuant to Federal Rule of Appellate Procedure 40 and Eleventh Circuit Rules 40-1 to 40-6, Appellees Imperial Majesty Cruise Line, LLC ("Imperial"), Celebration World Cruises, Inc. and M/V "Regal Empress" (collectively, "Appellees") file this petition for panel rehearing on this Court's opinion issued on December 15, 2011.[1]  As Appellees show herein, the panel wrongly coupled its permissible *de novo* re-evaluation[2] of the district court's ***legal conclusions*** —the construction of the parties' contracts—with impermissible factual findings ignoring the district court's factual findings on the same matters, notwithstanding the now disregarded district court factual findings were fully supported by competent and substantial evidence and were never determined to be clearly erroneous, as this Court must do to be able to ignore them as it has done.  More specifically, the panel has overlooked at least two (2) factual findings made by the district court supported by undisputed record evidence: that Appellant Trident International Limited ("Trident")

---

[1]  Pursuant to Eleventh Circuit Rule 40-1, a copy of the opinion is attached hereto as an addendum.

[2]  Appellees obviously disagree with the panel's conclusion, but acknowledge, as they must, that the construction of a contract is a matter of law with a *de novo* standard of review.  However, the standard of review applicable to factual determinations made by the district court and reviewed by the panel here is much different: whether the factual finding is supported by competent and substantial evidence and thus not clearly erroneous.  The latter standard of review is controlling on the matters addressed in this motion.

1

1) received what the contracts called for: "…Risk Insurance insuring Trident … under the terms and conditions of a standard Protection and Indemnity policy where said risks are applicable to Trident…"; and

2) derived substantial benefit under Imperial's Protection and Indemnity insurance policies (hereinafter the "P&I Policies")—well beyond mere misdirected arrow insurance—which did, *in fact,* provide "Risk Insurance" covering and insuring Trident against "risks applicable to Trident."

These findings were not found to be clearly erroneous—the appropriate appellate standard of review—and therefore must carry forward and be applicable to the panel's reinterpretation of the parties' contracts (made pursuant to the panel's *de novo* review of the district court's legal conclusions construing the same contracts). Therefore, although the district court's construction of the contracts may differ from the panel's view, the district court rightly held that, regardless of how the contracts are read, Imperial did not, *in fact* based upon what actually transpired over the five (5) years encompassed by the contracts[3], breach the operative Food and Beverage Service Operating Agreements (the "F&B Contracts").

---

[3] As Appellees will discuss, the record amply and indisputably demonstrates that in 18 of 19 actual claims for which the "risks were applicable to Trident" (the scope of the P&I cover the contracts required Imperial to "secure from its insurance carrier"), Trident was insured against the liabilities the contract specified.

Consequently, Imperial respectfully requests a panel rehearing to apply the controlling factual findings to the panel's legal construction of the contracts.

**A.  The Panel overlooked findings supported by record evidence that Trident received what the contracts required, not just misdirected arrow insurance.**

**1.  The standard of review.**

The panel opinion, although predicated on a *de novo* review of the contract language, never disturbed and seemingly overlooked the district court's finding of fact that "at all times material, Trident received coverage and benefits from the P&I Policies that [Imperial] procured through the American Club."  [DE 70 p. 3]. Although the question of interpreting an unambiguous contract is a question of *law* (and appropriately subject to the *de novo* standard of review the panel invoked), the determination of whether a contract has been breached is an issue of ultimate *fact* requiring the application of the clearly erroneous standard of review.  *See Ron Matusalem & Matusa of FL v. Ron Matusalem, Inc.*, 872 F.2d 1547, 1550 (11th Cir. 1989).  The specific determination of whether an alleged breach is material is also an issue of *fact. Id.* at 1551.  Thus, the panel cannot re-try the case *de novo* on the record.  If there are two permissible views of the evidence (as is evidently the case here, given the differing *factual* conclusions reached by the district court and the panel), the district court's choice between them cannot be clearly erroneous and cannot be simply ignored by the panel. *Anderson v. Bessemer City,* 470 U.S. 564,

3

573, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985). The panel here determined that there was *in fact* a contractual breach—contrary to the district court's determination based upon the same evidence—but did so using, impermissibly, a *de novo* standard of review.

> **2.    The District Court's factual findings have not been rendered clearly erroneous and the record otherwise supports the finding that Imperial did not materially breach the F&B Contracts.**

Central to this Petition is the distinction, seemingly overlooked by the panel, between interpreting, *as a matter of law*, the language of the pertinent provision of a contract and determining, *as a matter of fact*, whether that now construed provision was breached. As discussed in the preceding section, the panel's right to do the former is largely unconstrained by the *de novo* review standard, but, in sharp contrast, its ability to do the latter is severely limited by the constraints imposed by the clearly erroneous standard of review.

The record in this case clearly demonstrates that Trident, in fact, was an additional assured under Imperial's P&I cover and, as such, was, in fact, covered, as the contract required, by a "standard Protection and Indemnity policy" secured by Imperial from its insurance carrier insuring Trident against "risks ... applicable to Trident." As the district court determined in findings material to and, indeed, controlling its now reversed conclusion, Trident received much more than misdirected arrow insurance under the P&I cover Imperial secured. Here, the

4

panel ignored factual findings—never shown to be clearly erroneous—predicated upon the uncontroverted evidence that between 2000 and 2005, Trident received benefits and reimbursement under Imperial's P&I Policies to cover eighteen (18) separate claims made by Trident's employees, for all of which, as the contracts contemplated, the liability risk was applicable to Trident . Yes, in each instance, those employees asserted claims against Trident, Imperial and the vessel, collectively. But merely because the liability risk was *also* applicable to another (in this instance the vessel for which Imperial was responsible) does not mean that Trident was any less liable for the risk equally applicable to it, which risk was, as the district court found to be amply supported by the record, covered by the "standard Protection and Indemnity policy" Imperial procured from its insurance carrier, just as the contracts obligated it to do. Imperial acknowledges that a single claim for which the "risk was applicable to Trident" was not covered by the P&I Policies. That *fact* could support a finding of *some* breach of the contracts, if the panel had first declared—which it did not—that the district court's findings in this regard were clearly erroneous. But most importantly, the best this finding could do is support a conclusion that Imperial did not, as the district court found (and this panel never deemed clearly erroneous), fully comply with the contracts. But even such a finding—one the panel declined to make—must recognize the *fact* that

5

Imperial substantially complied with the contracts given the materiality of the fact that 18 out of 19 claims (*e.g.*, 94.7% of the claims) were, *in fact*, covered.

The critical question here is whether Imperial fulfilled its obligation

"as operator of the vessel [to] secure *from its insurance carrier Risk Insurance insuring Trident against* [...] *liability to its own employees* or liability to third persons [...] normally covered under the terms and conditions of a standard Protection and Indemnity policy where said risks are applicable to Trident?"

(emphasis supplied). The district court, based on the record evidence of this case, answered this question with a resounding "Yes!" By its own terms, Section 10 of the F&B Contract did not require Imperial to procure a separate insurance policy for Trident. Yet the panel seemingly misapprehended this contractual language in making an impermissible *de novo* factual finding by holding "the plain language of the F&B Contract requires Imperial to obtain insurance for Trident." [Opinion p. 3]. Even Trident concedes that Imperial never had a duty to procure a "separate" P&I policy [Trident Reply Br. p.5] and, instead, recognized that the parties simply intended that "Imperial would procure coverage for Trident under its P&I agreement which was coextensive with that of Imperial, and would cover Trident for claims arising from all claims asserted by Trident's employees or by third parties." [Trident Initial Br. p.5]. The panel opinion also ignores the district court's finding that the F&B Contracts did not require "full" coverage for Trident's

employees on Imperial's vessel, although 18 of 19 of those Trident employees who made claims did, *in fact*, receive "full" coverage.  [DE 70 p.4].

The panel opinion has internal discord wherein, on the one hand, they hold (impermissibly as this is a *factual* finding made under the guise of a *de novo* legal conclusion) Imperial provided Trident with only misdirected arrow insurance coverage but, in the same breath, then recognizes in a footnote that Trident likely received "some" benefit from the P&I Policies.  [Opinion p.3, fn1].  This latter conclusion is precisely the point Appellees make in this Petition: there must be a clear distinction made between ascertaining what the presumptively unambiguous contract language means (properly a *de novo* determination) and declaring whether a party breached the newly construed contract provision (a *factual* determination not permitted on a *de novo* review).  Although the P&I cover Imperial secured (all that the contract, even as the panel construed it, required) provided misdirected arrow coverage for Trident, it also afforded Trident with "Risk Insurance" as "normally covered under the terms and conditions of a standard Protection and Indemnity policy where [the] risks are applicable to Trident", just as the district court found.  The district court could not and did not ignore (as the panel has seemingly done) the proven *fact* that 18 of 19 actual claims for which the "risks were applicable to Trident" were actually covered by the P&I cover Imperial

secured.  As a matter of proven *fact* only one of the 19 discrete claims made by Trident's employees for which the risk was applicable to Trident *was not* covered.

And despite the ominous warnings Trident has made, there was not (and still is not) any evidence that there has been, in the now six (6) years since the last contract expired, any uncatalogued claim for which the risk was applicable to Trident.  So 18 of 19 claims *actually made* came within the scope of the coverage Imperial actually secured in its performance of the contract provision since, in each instance, for each claim that was covered, Trident had direct liability (in the terms of the contracts: the "risks were applicable to Trident") to the claimants.  This fact was not ignored by the parties since the F&B Contracts required coverage for claims where Trident had <u>direct</u> liability (*i.e.* the risk was "applicable" to Trident) and, therefore, imposed no obligation on Imperial to procure misdirected arrow insurance.  Regardless of the value or benefit conferred by misdirected arrow coverage, the contracts did not require it.  The contracts did contemplate, and require, P&I insurance that actually covered claims made by Trident's employees.[4]

---

[4] While the contracts spoke of "liability to its own employees or liability to third persons and all other risks normally covered under the terms and conditions of a standard Protection and Indemnity policy," the record makes clear that all claims actually made were made by Trident employees.  There simply were no claims of third persons or any other risks for which cover was either sought or denied.  So the focus must remain, as the district court did, on the claims actually made and what became of them.

The panel's conclusion about the limited scope of the coverage disregards the actual *facts* of this case. More importantly the panel has both re-interpreted the contract *as a matter of law* and then decided *as a matter of fact* (all while invoking a *de novo* standard of review) that Imperial breached the re-interpreted contract. The panel, without any requisite appellate analysis, has made factual findings that implicitly (since the panel's opinion is silent about the facts proven at trial) overrules the district court's findings, based on the substantial competent evidence of this case, that Trident derived, in precisely the manner the contracts required, a sizable benefit under the P&I Policies for the 18 covered employee claims, without, as governing appellate principles require, declaring those findings to be clearly erroneous. It is one thing for the panel to disagree with the district court in how to read the "unambiguous" language of this contract provision. It is quite another thing for the panel to ignore the constraints of proper appellate review by re-trying this case and reweighing the evidence, and then substituting its own view of the evidence and making, quite impermissibly, its own findings of fact that Imperial breached the contract, all the while never paying even lip service to the foundational appellate principal that the panel is simply not permitted to do that without a stringent analysis conclusively demonstrating that the district court's findings were both unsupported by competent and substantial evidence *and* clearly erroneous, something the panel obviously has not done.

The panel opinion is beyond a mere exercise of contractual interpretation and is seemingly predicated on, *inter alia*, Trident's contention that no risk for any of Trident's "claims" ever passed to the insurance carrier. [*See* Trident Initial Br. pp. 31-36]. This position is based on the false premise that no risk could ever pass to Trident or its carrier simply because someone else also was potentially liable, whether because the claims were a risk applicable to such other or because of Trident's right for contribution from a joint tortfeasor. *Id.* Otherwise, the panel would have reached the inescapable conclusion that Trident received more than misdirected arrow insurance since 18 out of 19 claims were covered by the P&I Policies and, axiomatically, Trident received benefits under the same. The panel's position ignores the reality that: (a) Trident was directly liable to its employees in each instance; (b) Trident concedes that the required coverage was to be coextensive with Imperial's coverage; and, most importantly, (c) Trident freely admitted at trial that it knew that the coverage provided for via the F&B Contracts did not cover "crew claims that did not involve the vessel." [DE 103 p. 136:1-5]. By operation of the parties' agreement, however, any covered "claims" would also trigger liability for the insurance carrier for the vessel—the same insurer for Trident. So, each of the covered claims presented a risk applicable to both Imperial (because of the vessel's *in rem* liability) and Trident. Each of the covered claims was, *in fact*, covered, thus affording Trident coverage, *in fact*, for risks

10

applicable to it.  A separate, distinct P&I cover identifying Trident as, for instance, the Club member, would not have, as the evidence demonstrated, provided one iota of greater or better or more effective coverage to Trident. The aggregated coverage would not have afforded Trident any greater insurance benefit for each of the 18 covered claims than it actually received as an additional assured under Imperial's P&I cover. The record and the district court's factual findings make this clear. While the panel may rightly ignore these facts while interpreting the contract provision as a matter of law, it cannot ignore them when concluding that Imperial breached.

The panel misapprehends that the "ends justify the means" because the record clearly establishes the P&I policies paid out—and Trident derived a financial benefit—on all but one claim and the carrier never apportioned any degree of fault among Trident, Imperial and the vessel.

What this means in the context of the panel's opinion re-interpreting the contract provision is that the panel's factual finding that Imperial breached that provision ignores the actual facts.  The panel could arguably conclude that the single "uncovered" claim meant that Imperial did not entirely and completely perform.  But whether this constituted a material breach, as Florida law requires for the breach of contract finding the panel has seemingly made, and the consequences of such a breach, is beyond the scope of the panel's acknowledged review.  These

11

are not decisions properly made under a *de novo* standard applicable to legal conclusions.

The panel is constrained to recognize and abide by the district court's findings of fact which answer these very questions. But at a minimum, the panel decision which seemingly compels the district court on remand to accept that Imperial has not performed at all is in derogation of the panel's well defined appellate role. At worst, the district court must be afforded the right to determine, in the first instance, whether Imperial has, *as a matter of fact*, performed or breached the contract provision the panel has re-interpreted. The district court would then re-examine the evidence—something the panel cannot permissibly do—to ascertain what Trident received as a result of Imperial's procuring of P&I insurance (a proven fact) and, importantly if a breach is found *as a matter of fact*, what Trident *did not* receive. Only then can the district court proceed to the matter of any damages flowing proximately from that breach.

12

## CONCLUSION

The panel opinion goes too far with its conclusion that Trident merely received misdirected arrow coverage. The panel then proceeds into forbidden territory by using that conclusion to declare, *as a matter of fact*, that Imperial failed entirely to perform its contractual obligation to secure risk insurance that covered Trident against risks "applicable to Trident" and that Trident is entitled to damages, allowing only an offset for the value of the benefit the misdirected arrow coverage conferred. Accepting the panel's legal conclusion that the contract provision required something more than was actually provided, then the remand to the district court must allow the district court to decide what Imperial did or did not provide, what Trident did or did not receive and what the value conferred and the damages suffered might be. The panel impermissibly reweighed the evidence, improperly substituting its factual conclusions that a breach occurred for the directly contrary finding of the district court that there was no material breach. The panel invested itself with the prerogative of the trier of fact. But the district court, not this appeals court, must serve that role, on remand. Because the record evidence and undisturbed findings of the fact made by the district court demonstrate the substantial benefits Trident received under the P&I Policies, the panel's directions to the district court on remand cannot stand. The circumstances warrant a panel rehearing.

13

Respectfully submitted,
GREENSPOON MARDER, P.A.
Attorneys for Appellees
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
954.491.1120 (Telephone)
954.343.6958 (Facsimile)
Richard.Epstein@gmlaw.com

BY: _____
RICHARD W. EPSTEIN
Florida Bar No. 229091
EVAN B. KLINEK
Florida Bar No. 134820

14

## CERTIFICATE OF FILING AND SERVICE

I further certify that on this 3rd day of January, 2012, I caused the required number of bound copies of the foregoing Appellees' Petition for Rehearing to be filed via UPS Next Day Air with the Clerk of this Court and for one copy of the same to be served, via UPS Next Day Air, to all case participants, listed below.

Dinah S. Stein
Mark Hicks
HICKS PORTER EBENFELD & STEIN, P.A.
799 Brickell Plaza, Floor 9
Miami, Florida  33131
(305) 374-8171

*Counsel for Appellant*

John W. Keller, III
KELLER & BOLZ, LLP
121 Majorca Avenue
Suite 200
Coral Gables, Florida  33134
(305) 529-8500

*Counsel for Appellant*

*Counsel for Appellees*

## ADDENDUM

1.    A copy of the Panel's Opinion issued on December 15, 2011.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14375

_____

```
┌─────────────────────────┐
│         FILED           │
│  U.S. COURT OF APPEALS  │
│    ELEVENTH CIRCUIT     │
│   DECEMBER 15, 2011     │
│       JOHN LEY          │
│        CLERK            │
└─────────────────────────┘
```

D.C. Docket No. 0:08-cv-61277-WPD


TRIDENT INTERNATIONAL LIMITED,

                                        Plaintiff - Appellant,

versus

IMPERIAL MAJESTY CRUISE LINE, LLC,
in personam,
M/V REGAL EMPRESS,
in rem,
CELEBRATION WORLD CRUISES, INC.,

                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2011)

Before WILSON and COX, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

Trident International Limited ("Trident") appeals the district court's finding that Imperial Majesty Cruise Line, LLC ("Imperial") did not breach its contract with Trident when it obtained misdirected arrow insurance for Trident. Because the Food and Beverage Service Operating Agreement ("F&B Contract") required Imperial to obtain more than misdirected arrow insurance, we find that Imperial breached the F&B Contract, and we reverse and remand for determination of damages.

Trident entered into the F&B Contract with Imperial whereby Trident agreed to provide concessionaire services aboard Imperial's chartered ship and Imperial promised to procure protection and indemnity insurance for Trident. Section 10 of the F&B Contract states:

> Imperial as operator of the vessel shall secure from its insurance carrier Risk Insurance insuring Trident against all liability to its own employees or liability to third persons and all other risks normally covered under the terms and conditions of a standard Protection and Indemnity policy where said risks are applicable to Trident, and to furnish to Trident a certificate evidencing said Protection and Indemnity Insurance to be in full force and effect and making Trident as a co-insured under the coverage.

---

*Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

2

Imperial engaged the American Steamship Owners Mutual Protection and

Indemnity Association, Inc. ("American Club") to provide the insurance required

under the F&B Contract. Imperial's Certificates of Entry—documents showing

coverage exclusions—reflect that as an additional assured under the policy,

Trident was only covered by misdirected arrow insurance. Specifically, the

Certificate of Entry states that the American Club only covers Trident "insofar as

they may be found liable to pay in the first instance for loss or damage which is

properly the responsibility of [Imperial]."

We review unambiguous contract language *de novo*. *Soncoast Cmty.*

*Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., Inc.*, 981 So. 2d 654,

655 (Fla. Dist. Ct. App. 2008). The plain language of the F&B Contract requires

Imperial to obtain insurance for Trident to "insur[e] Trident against all liability to

its own employees or liability to third persons and all other risks normally covered

under the terms and conditions of a standard Protection and Indemnity policy

*where said risks are applicable to Trident* . . . ." (emphasis added). Misdirected

arrow insurance does not cover Trident's liability to third persons or other risks

applicable to Trident because misdirected arrow insurance only covers such risks

3

properly applicable to Imperial.[1]

Because Imperial breached the F&B Contract by providing Trident only misdirected arrow insurance coverage, we reverse the district court and remand for a determination of damages resulting from the breach.

**REVERSED AND REMANDED.**

---

[1]Trident alternatively argues that they are entitled to return of premiums paid because the insurance provided was of no benefit. Although the insurance Trident received did not meet the requirements of the F&B Contract, Trident likely received some benefit from it. We leave this issue for the district court to resolve on remand.

4

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 15, 2011

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 10-14375-BB
Case Style: Trident Int' Ltd. v. Imperial Majesty Cruise, et al
District Court Docket No: 0:08-cv-61277-WPD

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellees.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Janet K. Spradlin, BB at (404) 335-6178.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs